IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Johnson,

      Plaintiff,

    v.                        Case No. 2:09-cv-0917

Volvo Parts North America,     Magistrate Judge Kemp
et al.,

      Defendants.

<u>ORDER</u>

This case is set for trial on September 26, 2011.  On August 22, 2011, plaintiff John Johnson filed a motion to exclude evidence.  Defendant Volvo Parts North America responded ten days later, and Mr. Johnson filed his reply brief on September 7, 2001.  For the following reasons, the Court will give Volvo the choice of not using these documents at trial, or permitting Mr. Johnson to take depositions, limited as set forth below, at his cost.

I.

The parties do not disagree about the basic facts.  Before the close of discovery, Mr. Johnson requested that Volvo produce documents about its investigation of a March 1, 2007 incident involving Mr. Johnson and a coworker, Brad McNichols.  Volvo produced a number of documents, including a number of emails, some investigatory statements, and some handwritten notes.  On August 11, 2011, long after the close of discovery and months after this court ruled on a summary judgment motion, Volvo produced four additional documents responsive to the request. The explanation given for this late production of documents is that these documents were "inadvertently" not produced previously, and that new counsel for Volvo, who took over for prior counsel on December 28, 2010, discovered these documents after reviewing "the file."  Which file he reviewed is not specified, but the Court infers it to have been a file compiled

by previous counsel, as opposed to a file maintained by the client itself, which means that prior counsel obtained the documents in the course of her representation of Volvo but for some reason failed to produce them to Mr. Johnson.

Copies of these newly-produced documents are attached to Mr. Johnson's motion. They consist of a typed "Investigative Hearing Summary" dated March 6, 2007 and three typed investigative interviews, two dated March 7, 2007 reflecting interviews conducted by Estella Blake with witnesses Brad McNichols and Donna Pack, and one dated March 8, 2007 reflecting her interview of Mr. Johnson. It appears that handwritten versions of at least two of these documents were produced previously, although some of the handwriting is in shorthand. Additionally, the typed versions of the interviews were signed by the persons being interviewed, whereas the handwritten versions are not. There are also some substantive differences in the documents.

Volvo argues that the late production of these documents is not significant because they are either the substantial equivalent of documents previously produced or cover the same subject matter as prior documents without providing any additional information. Mr. Johnson, on the other hand, argues that either Volvo should be precluded from offering these documents at trial, or that he should be allowed to depose the people "related" to these documents with respect to their contents. Presumably, that would include Mr. McNichols, Ms. Pack, and Ms. Blake. Because the only deposition on file with the Court is Mr. Johnson's, the Court cannot tell if any of these witnesses have previously been deposed.

II.

Clearly, the Court has wide discretion in determining how to deal with issues which arise during the course of discovery. The purpose of discovery is, after all, to enable each party to

-2-

prepare adequately for trial and to eliminate the prospect of "trial by ambush." See, e.g., American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002). When the late disclosure of information threatens that goal, the Court can, rather than excluding evidence altogether, allow additional time for discovery in order to remedy any prejudice caused by the late disclosure. Further, it has the ability to impose on the party whose conduct necessitated further discovery legal fees and costs resulting from the belated supplementation of discovery responses. See, e.g., Oceans Cuisine, Ltd. v. Fishery Products Intern., Inc., 2006 WL 1071578 (E.D.N.Y. April 21, 2006). In deciding what is the appropriate sanction, there are a number of factors to be taken into account, including the reason for the untimely supplementation, the importance of the evidence, the potential prejudice to the opposing party, and the availability of measures to cure that prejudice. Cf. Tucker v. Ohtsu Tire & Rubber Co., Ltd., 49 F.Supp. 2d 456 (D. Md. 1999).

Here, Mr. Johnson is correct that Volvo has offered essentially no explanation for its failure to produce these documents at the same time as the other documents relating to this incident, which production (according to Volvo's memorandum) took place on November 18, 2010. The most reasonable inference from the representations made in Volvo's memorandum, which are not supported by any evidence, including an affidavit either from present counsel or prior counsel, is that prior counsel collected the documents either as part of her investigation or as part of her effort to respond to Mr. Johnson's document request and simply neglected to produce them. There is also no good explanation for the fact that current counsel did not come across them in his review of "the file," which presumably has been in his possession since December of last year, at any time prior to August of this year. Counsel did the right thing in

-3-

supplementing the prior discovery response, and if Mr. Johnson wanted to use these documents at trial, he would have every right to do so.  However, that is apparently not his wish, and there is some substantial appeal in his argument that Volvo, having provided no justification for the delay in producing these documents, ought not to be able to use them to Mr. Johnson's disadvantage.  And, if Volvo is correct in its characterization of these documents as no more than replicas of previously-produced documents or duplicative of the information contained in those documents, the exclusion of the documents should not prejudice it.

On the other hand, the Court is required to explore alternatives other than the total exclusion of the documents in order to see if any prejudice from their late production can be cured.  Mr. Johnson's suggestion is to allow him to depose the witnesses to whom the documents relate.  In most cases, that would be a reasonable solution to the problem.  It is less so here, however, for these reasons.

First, as Volvo points out, the other documents were produced after the discovery cutoff date of October 29, 2010. Although Mr. Johnson may be correct that he was permitted, by agreement, to serve his document request a few days later than the Court's pretrial order allowed, that does not change the fact that by the time he got any documents - which, if Volvo had been reasonably diligent about its document production, would have included this latest group of documents - it would have been too late for him to depose anyone about any of them.  Further, the names which appear on these documents also appear in Volvo's initial disclosures and on the prior versions of the documents produced, as does a good deal of the information about the March 1, 2007 incident.  However, Mr. Johnson apparently chose not to take any of their depositions with respect to the prior documents

produced.  It is not immediately apparent to the Court that the
two sets of documents differ so materially that a reasonable
person would choose not to depose any of the witnesses based on
the contents of the former set, but would do so based on what
appears in the latter.  Mr. Johnson's argument that some of the
prior documents are partially illegible due to the shorthand used
by Ms. Blake also rings hollow; he apparently never asked Volvo
for a "translation" of these shorthand notations, and, as already
noted, had given up the opportunity to depose Ms. Blake by the
time he got the first group of documents.  To reopen discovery at
this point to allow full depositions of several witnesses would
go far beyond curing any prejudice that might accrue from the
fact that Mr. Johnson received only a portion of the relevant
documents - but substantially all of the information about the
incident and Volvo's investigation of it - in August, 2011 rather
than in November, 2010.

     The reality of this situation is that Volvo appears to have
no excuse for delaying the production of these documents, but
that even had it done so timely, Mr. Johnson would be exactly
where he is now - with the documents, but without any witness
depositions.  The Court does not want to reward Volvo for its
dilatory conduct, but neither does it wish to improve Mr.
Johnson's position from the one he would have been in had Volvo
done its document production correctly.  The Court sees nothing
about the lateness of the production of this group of documents
which would justify letting Mr. Johnson reopen discovery and take
complete depositions of these witnesses, or even depositions
limited to the March 1, 2007 incident.  He could have done that
long ago had it been part of his case preparation strategy.  Had
he done so, the Court would have allowed him to redepose those
witnesses, but only about how these new documents might have
impacted any prior testimony given.  Permitting him to take

-5-

depositions now, but limiting them to an exploration of the differences between these new documents and the prior group, hardly seems worth the effort and expense.

Given that Volvo does bear the primary responsibility for this untimely production, and that it is unlikely to be prejudiced if it cannot use these documents at trial, exclusion does seem to be the most just result. However, if Volvo wishes to produce one or more of these witnesses for deposition so that it can use the documents, the Court will permit that to occur. Since it is not reasonably possible to limit the depositions to exploring whatever quantum of new information might be found in the newly-produced documents, the depositions, if they occur, must be limited to a discussion of the March 1, 2007 incident and the subsequent investigation of it. The costs of any such depositions must be borne by Mr. Johnson, since getting any depositions at all will be a remedy which exceeds the harm done, if any, by the late production. The choice between excluding the documents and allowing Mr. Johnson to take depositions is Volvo's.

/s/ Terence P. Kemp
United States Magistrate Judge